# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ALFREDO MANUEL C. S., | Case No. 26-cv-1052 (LMP/JFD) |
| Petitioner, | |
| v. | **ORDER GRANTING PETITION** |
| PAMELA BONDI, *Attorney General*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; IMMIGRATION AND CUSTOMS ENFORCEMENT; SIRCE OWEN, *Acting Director for Executive Office for Immigration Review*; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; DAVID EASTERWOOD, *Acting Field Director, St. Paul Field Office, Immigration and Customs Enforcement*; and JOEL BROTT, *Sheriff of Sherburne County*, | |
| Respondents. | |

Carrie Peltier, **Peltier Law PLLC, Roseville, MN**, for Petitioner.

Matthew Isihara, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Alfredo Manuel C. S. is a native and citizen of Venezuela who entered the United States without inspection in June 2022. ECF No. 1 ¶¶ 37–38. Alfredo Manuel C. S. filed an asylum application within one year of his entry into the United States, and he later

filed for and received temporary protected status ("TPS"), which has since expired following termination of the TPS program for Venezuelan nationals. *See id.* ¶¶ 43–45.

Alfredo Manuel C. S. was arrested without a warrant by immigration officials in Monticello, Minnesota, on December 30, 2025, and remains in the custody of United States Immigration and Customs Enforcement. *See id.* ¶¶ 4, 46, 48–49. He asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *Id.* ¶ 26. Alfredo Manuel C. S. contends that he is not subject to detention under 8 U.S.C. § 1225(b)(2) but instead is subject to detention, if at all, under 8 U.S.C. § 1226(a). *Id.* ¶ 87.

The Court ordered the Government to answer the petition no later than February 9, 2026. ECF No. 3. The Court noted that it has already found similarly situated noncitizens not to be subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and that such noncitizens are instead subject to the provisions of 8 U.S.C. § 1226(a). *See id.* at 2 (first citing *Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); and then citing *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025)).

The Government timely responded and agrees with Alfredo Manuel C. S. that his case is not legally or factually distinguishable from those this Court has already decided. ECF No. 4. Nevertheless, the Government "assert[s] all arguments raised by the government in [*Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025)] . . . and respectfully request that the Court preserve those arguments for any appeal in this case." *Id.* Given the Government's candid acknowledgement that the issues raised are not

2

distinguishable from those addressed in this Court's prior decisions, the Court concludes that Alfredo Manuel C. S. is not subject to the provisions of Section 1225(b)(2) and is instead subject to the provisions of Section 1226(a) for the same reasons articulated in this Court's prior orders. *See, e.g.*, *Roberto M. F.*, 2025 WL 3524455, at *4; *Victor Hugo D. P.*, 2025 WL 3688074, at *2–3.

The Court has also concluded that if a petitioner is subject to the provisions of Section 1226(a), the Government must have issued the petitioner a warrant justifying the detention in the first place. *Joaquin Q. L. v. Bondi*, No. 26-cv-233 (LMP/DTS), 2026 WL 161333, at *2–3 (D. Minn. Jan. 21, 2026). If the Government does not do so, immediate release is the appropriate remedy. *Id.* Accordingly, because the Government does not assert any argument that it has provided Alfredo Manuel C. S. with a warrant or advance any argument that Alfredo Manuel C. S.'s detention is appropriate under Section 1226(a) without one, the Court will grant the petition and order Alfredo Manuel C. S.'s immediate release.

## ORDER

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Alfredo Manuel C. S.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED** as follows:

    a. Alfredo Manuel C. S.'s Verified Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

    b. The Government is **ORDERED** to release Alfredo Manuel C. S. from custody by no later than 5:00 p.m. on Wednesday, February 11, 2026;

    c. The Government is **ORDERED** to release Alfredo Manuel C. S. unconditionally and to return all property to him; and

    d. The Government is **ORDERED** to file a status report certifying its compliance with this Order by no later than 5:00 p.m. on Thursday, February 12, 2026.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 10, 2026                      *s/Laura M. Provinzino*
                                                     Laura M. Provinzino
                                                     United States District Judge